# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40262
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 10, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CURTIS LEON BURNETT,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:11-CR-221-1

Before DAVIS, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Curtis Leon Burnett was convicted of being a felon in possession of a firearm and of possessing a firearm in furtherance of a drug trafficking crime, and he was sentenced to 120 and 60 months in prison, respectively, to be served consecutively, and to three and five years of supervised release, respectively, to be served concurrently. Burnett challenges the sufficiency of the evidence to support his convictions. Because Burnett moved for a judgment of acquittal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on both counts at the close of the Government's case-in-chief and at the close of all evidence, we review his sufficiency claims de novo. *See United States v. Grant*, 683 F.3d 639, 642 (5th Cir. 2012). We view the evidence in the light most favorable to the verdict, with all reasonable inferences and credibility choices made in support of the verdict, to determine whether the evidence is sufficient for a rational trier of fact to find the essential elements of the crimes beyond a reasonable doubt. *Id.*

To support a conviction for being a felon in possession of a firearm, the Government must prove beyond a reasonable doubt that (1) the defendant previously had been convicted of a felony; (2) he knowingly possessed a firearm; and (3) the firearm traveled in or affected interstate commerce. *United States v. Meza*, 701 F.3d 411, 418 (5th Cir. 2012); *see* 18 U.S.C. § 922(g). Burnett stipulated at trial that he had previously been convicted of a felony and that the firearm had traveled in interstate commerce. Although the house was jointly occupied, the evidence showed that Burnett occupied and had dominion and control over the bedroom in which the firearm was found. The firearm was in plain view on the same television stand with two documents addressed to Burnett at the house. The evidence was sufficient for a reasonable jury to find beyond a reasonable doubt that Burnett knowingly constructively possessed the firearm. *See Meza*, 701 F.3d at 419-21; *United States v. Fields*, 72 F.3d 1200, 1212 (5th Cir. 1996).

To support a conviction for possession of a firearm in furtherance of a drug trafficking crime, the Government must show "firearm possession that furthers, advances, or helps forward the drug trafficking offense." *United States v. Ceballos-Torres*, 218 F.3d 409, 415 (5th Cir.), *as amended by* 226 F.3d 651 (5th Cir. 2000) (en banc); *see* 18 U.S.C. § 924(c)(1). As addressed above, there was sufficient evidence that Burnett knowingly possessed the firearm

found in the bedroom. From the 37 grams of methamphetamine and drug trafficking paraphernalia, such as drug ledgers, scales, and baggies for repackaging the drugs for resale, that were found on Burnett shortly after he left the residence, and the identical paraphernalia found in his bedroom in the residence, a jury could reasonably infer that drug trafficking activities were occurring in the bedroom. *See United States v. Zamora*, 661 F.3d 200, 211 (5th Cir. 2011). Indeed, one officer described the bedroom as a drug dealer's office. Several factors support the conclusion that Burnett possessed the firearm in furtherance of a drug trafficking crime. The firearm was easily accessible as it was in plain view on the television stand; it was a handgun; the obliterated serial numbers indicated that the firearm was stolen; Burnett could not legally possess a firearm because he was a convicted felon; the firearm was loaded; it was in close proximity to drug trafficking paraphernalia, such as scales, drug ledgers, a cutting agent, and baggies, and to several grams of methamphetamine stashed in the bedroom; and the firearm was found about an hour after Burnett was arrested with 37 grams of methamphetamine and items for repackaging it for resale. *See Ceballos-Torres*, 218 F.3d at 414-415. Additionally, two officers testified that drug dealers often possess firearms to protect themselves from law enforcement and to protect their drugs and proceeds from would-be robbers. Viewed in the light most favorable to the jury's verdict, there was sufficient evidence for a reasonable jury to find beyond a reasonable doubt that Burnett possessed the firearm in furtherance of a drug trafficking crime. *See id.*; *see also Zamora*, 661 F.3d at 211.

　　AFFIRMED.